THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-cv-245-F

| | |
|---|---|
| JUDITH LOSI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **CONSENT PROTECTIVE ORDER** |
| | ) |
| THE HOME DEPOT U.S.A., INC., | ) |
| D/B/A THE HOME DEPOT and HD | ) |
| DEVELOPMENT OF MARYLAND, INC. | ) |
| | ) |
| Defendants. | ) |

THIS CAUSE came on to be heard for entry of a Consent Protective Order to expedite the flow of discovery materials, facilitate the prompt resolution of discovery disputes and disputes concerning confidentiality, protect certain materials designated as confidential, and ensure that protection is afforded to material so designated, and it appearing to the Court that discovery in this action may involve the disclosure of information requiring protection against unrestricted disclosure, subject to approval of the Court, that the following *Consent Protective Order* shall govern the handling of any information, document, or thing produced or disclosed during discovery or otherwise in this litigation, for good cause shown:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that pursuant to Fed.R. Civ. P. 26(c), the following provisions shall govern in this action:

1. This Order governs the handling and disclosure of all materials produced, exchanged, given, or filed herein by any party, non-party or witness during discovery and

other proceedings in this action and designated as "CONFIDENTIAL."

2. Agreement on Use of Confidential Information.

All Confidential Information, as defined and designated in accordance with this Order, shall be used solely in the prosecution or defense of this action, as defined below, and shall not be used or disclosed by any person for any other purpose.

3. Definitions.

a. "Document" means all writings, drawings, graphs, charts, recordings, computer disks and tapes, audiotapes, videotapes, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

b. "Material" means any Document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information produced, given, or filed in this action.

c. "Parties" means Plaintiff, Judith Losi, and Defendants, The Home Depot U.S.A., Inc. d/b/a The Home Depot and HD Development of Maryland, Inc.

d. "Confidential Information," when used in this Order, means among other things: trade secrets, proprietary business information, copyrighted Material, any other information which shall be designated as confidential pursuant to this Protective Order and any Document or Material containing or reflecting CONFIDENTIAL INFORMATION.

4. A Party, non-party, or witness may designate as CONFIDENTIAL INFORMATION any Material produced in the course of discovery, which it believes in good faith contains confidential information by writing, typing, or stamping on the face of such

Material the word "CONFIDENTIAL," or by otherwise notifying counsel for the parties in writing, and, in the case of deposition transcripts and exhibits, also the court reporter, at the time of the production of the Document or within 20 days of receipt of the deposition transcript. In the event CONFIDENTIAL INFORMATION is contained in any written response to a discovery request, in any deposition transcript, or in any exhibit thereto, the confidential portion of such response, transcript, or exhibit shall be separately bound, and the word "CONFIDENTIAL" shall be placed thereon. In the event of a dispute, the Party claiming that a Document constitutes confidential information shall have the burden of demonstrating that the Document constitutes CONFIDENTIAL INFORMATION.

5. Counsel for the requesting Party may have access to, inspect and copy CONFIDENTIAL INFORMATION sought through legitimate discovery means, and no objection shall be raised to the production of any information or Documents, or the answering of any interrogatories or deposition questions, on the grounds that said information, Documents or answers are or may be considered confidential by the producing Party. The production or disclosure of CONFIDENTIAL INFORMATION pursuant to the terms of this Order by the producing Party shall not waive or prejudice the right of the producing Party to object to the production or admissibility of Documents or information on grounds other than confidentiality in this action or on grounds in any other action.

6. The restrictions on disclosure or use of Materials designated "CONFIDENTIAL" set forth in this Order shall not apply to any such information to the extent that it:

a. Was known to the requesting Party at the time of its disclosure by the producing Party, and can be demonstrated as such; or

b. Is now, or later becomes, available to the public or the Party through means other than disclosure which violates this Order.

7. Should a Party object to the designation of any Material as CONFIDENTIAL INFORMATION, that Party may appeal to the Court for a ruling that the Material shall not be so treated. Until the Court enters an order, if any, changing the designation of the Material, it shall be treated as confidential as provided in this Order. The parties shall not be obligated to challenge the propriety of a designation of Confidential Information at the time such designation is made, and a failure to provide any such challenge shall not preclude a subsequent challenge to such designation.

9. Except upon further order of the Court, CONFIDENTIAL INFORMATION, and information derived therefrom, shall be disclosed only to the parties; counsel for the parties in this action; their legal assistants, other staff members, and law student clerks; the insurers of the non-producing parties, their agents and employees; outside companies engaged by attorneys for the parties to photocopy such Documents; officers, managers, or owners of defendants who provide material assistance in the legal representation of the defendants; a deponent in the action (during a deposition or in preparation therefor) when the confidential Materials are materially related to the questions asked of or testimony given by such deponent; any court reporter utilized for depositions in the course of this litigation and their staff, for purposes of preparing transcripts; experts consulted or assisting the parties in

this action; and the Court and its regularly-employed staff.

10. In the event a Party inadvertently produces Materials which should have been, but were not, designated "CONFIDENTIAL," the Party may designate such Materials as "CONFIDENTIAL" by notifying counsel of the error prior to the expiration of the discovery deadline set by the Court. The parties will then treat these Materials as if they had been designated "CONFIDENTIAL" when they were first produced.

11. Any person other than counsel of record, employees of counsel, parties to this action, law student clerks working for counsel; the insurers of the non-producing parties, their agents and employees; the court, its personnel; court reporters and their staff must execute a form as is attached hereto as Exhibit A prior to the disclosure of CONFIDENTIAL INFORMATION. Counsel shall keep a record of all persons to whom disclosures are made. All CONFIDENTIAL INFORMATION, and any Documents containing information derived therefrom, including copies of such Documents, shall be returned to counsel by persons given access to them as soon as practicable, except as to Documents properly admitted at trial.

12. Each person who receives CONFIDENTIAL INFORMATION submits himself or herself to the personal jurisdiction of this Court, wherever he or she shall be, for the enforcement of this Order.

13. It is specifically agreed that making Materials or Documents available for inspection and the production of the Materials or Documents shall not constitute a waiver by the parties of any claim of confidentiality, and the production of such Materials or Documents shall not be considered to be an acknowledgment that the Materials or

Documents may be admissible into evidence at the trial of this action.

14. Nothing in this protective order shall require disclosure of Material which the conveying Party contends is protected from disclosure by the attorney-client privilege, Materials produced in anticipation of litigation, or as constituting attorney work product materials. The production of a privileged Document does not waive the privilege as to other privileged Documents. Documents that the other party claims are privileged can be snapped back as soon as it is discovered they were produced without any need to show the production was inadvertent. Pursuant to Fed. R. Evid. 502(d), the privilege or production is not waived by disclosure connected with the litigation pending before the court.

15. This protective order shall not prevent either Party from applying to the court for relief therefrom, or from applying to the court for further or additional protective orders, or from agreeing between themselves to modification of this Protective Order, subject to the approval of the court.

16. After termination of this action, each receiving Party shall return all Documents marked "CONFIDENTIAL", except as to Documents properly admitted at trial, by the conveying Party in the receiving Party's possession, custody, or control, except that counsel of record may retain one copy of each item. Should counsel of record retain a copy, the terms of this Protective Order governing use and disclosure will continue to apply until the copy of the confidential information is either destroyed or returned to the conveying Party.

It is so ORDERED this __21__ day of __August__, 2014.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

# EXHIBIT A

Agreement concerning material covered by a Protective Order entered in the United States District Court for the Eastern District of North Carolina:

The undersigned hereby acknowledges that she/he has read the Protective Order entered by the Court dated _____, in the civil action entitled JUDITH LOSI v. THE HOME DEPOT U.S.A., INC. d/b/a THE HOME DEPOT and HD DEVELOPMENT OF MARYLAND, INC., Civil Action No. 5:14-cv-245 (E.D.N.C.), understands the terms thereof, and agrees to be bound by such terms. The undersigned hereby acknowledges that she/he is subject to the jurisdiction of the United States District Court for the Eastern District of North Carolina with regard to this protective order and understands (1) that violation of the Stipulated Protective Order shall subject the offender to such penalties, damages and other relief as may be permitted by law, and (2) that the jurisdiction of the Court regarding this Order survives any settlement, discontinuance, dismissal, judgment, or other disposition of this action.

_____        _____
(Date)                                (Signature)